Elsie B. HAMILTON, Plaintiff,

v.

**BLUE CROSS OF NORTH DAKOTA and the Social Security Administration, Department of Health, Education and Welfare of the United States of America, Defendants.**

Civ. No. 4885.

United States District Court, D. North Dakota, Northeastern Division.

May 23, 1974.

Thomas E. Rutten, Traynor & Rutten, Devils Lake, N. D., for plaintiff.

Timothy Q. Davies, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N. D., for Blue Cross of North Dakota.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for Soc. Sec. Adm. & HEW.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

During the period from October 29, 1971, through November 18, 1971, the plaintiff, Elsie B. Hamilton was a patient at Mercy Hospital of Devils Lake, North Dakota, for treatment of multiple contusions and hypertension of her left hip. Payment for her hospitalization during the period from November 8, 1971, through November 18, 1971, was denied initially, and on reconsideration by the Secretary. On November 29, 1972, the administrative law judge held that plaintiff was not entitled to hospital benefits under Part A, Title 18 of the Social Security Act for the period of November 8, 1971, through November 18, 1971, because the care and services provided during that period were "custodial" in nature, and thus specifically excluded from coverage under § 1862(a)(9) of the Social Security Act.

The plaintiff filed a request with the Appeals Council that the judge's action be reviewed. After considering all the facts, the law and regulations, the Appeals Council, on February 12, 1973, notified the plaintiff by certified mail that the administrative law judge's decision was correct and would stand as the final decision of the Secretary.

By a complaint filed on December 13, 1973, the plaintiff seeks a determination that her hospitalization of November 8, 1971, through November 18, 1971, was within the coverage provided by the defendants, and not excluded by the contract provisions. She seeks reimbursement of indebtedness to Mercy Hospital in the amount of Six Hundred Ninety Dollars and Fifty-five Cents ($690.55).

Defendant Social Security Administration, on April 22, 1974, moved to dismiss on two grounds: First, that the plaintiff failed to commence her action within sixty days after receipt by her of notice of the Secretary's decision as required by § 205(g) (42 U.S.C. § 405(g)) of the Act; and secondly, that the complaint fails to establish that the amount in controversy exceeds the $1,000.00 jurisdictional requirement of § 1869(b) of the Act, 42 U.S.C. § 1395ff(b)(2).

Defendant Blue Cross of North Dakota, on April 25, 1974, joined in the motion to dismiss, raising the additional ground of lack of citizenship diversity between it and the plaintiff.

In 1972, Congress generally amended the conditions under which a dissatisfied individual would be entitled to a hearing by the Secretary and to judicial review of the final decision of the Secretary after such hearing. Pub.L. 92–603, Title II, § 299O(a), 86 Stat. 1464, 42 U.S.C. § 1395 ff.

In relevant part this provision is as follows:

"(b)(1) Any individual dissatisfied with any determination under subsection (a) of this section as to—

(A) whether he meets the conditions of section 426 or 426(a) of this title [provisions on eligibility for hospital insurance benefits], or

. . . . . .

(C) the amount of benefits under part A (including a determination where such amount is determined to be zero) shall be entitled to a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title.

(2) Notwithstanding the provisions of subparagraph (C) of paragraph (1) of this subsection, a hearing shall not be available to an individual by reason of such subparagraph (C) if the amount in controversy is less than $100; nor shall judicial review be available to an individual by reason of such subparagraph (C) if the amount in controversy is less than $1,000."

The amended § 1395ff applies to the instant case because the action was not commenced until December 13, 1973. § 299O(b) of Pub.L. 92–603 provides that the amendment shall be effective before the month of the enactment if a civil action with respect to a Secretary's final decision has not been filed before such month.

The pre-1972 statute entitled dissatisfied claimants, under 42 U.S.C. § 1395ff (b),

". . . in the case of a determination as to *entitlement* or as to *amount* of benefits where the amount in controversy is $1,000.00 or more, to judicial review of the Secretary's final decision . . . ." (Emphasis supplied)

Before the 1972 amendment, courts called upon to construe the provisions of § 1395ff were prone to distinguish the availability of judicial review depending upon whether the dispute involved "entitlement" or "amount". Cardno v. Finch, 311 F.Supp. 251 (E.D.La.1970). This court analogized the difference to that

between the question of liability and damages.

Where the issue was whether a claimant was entitled to benefits, courts tended to allow an unrestricted right of judicial review of the Secretary's decision. In Ridgely v. Secretary of Dept. of Health, Ed. & Welfare, 345 F.Supp. 983 (D.Md.1973), the court, interpreting the pre-1972 provision, said where a person seeks review of a decision that he is not entitled to any payment for a specific service, no jurisdictional amount requirement need be satisfied. The word "entitlement" was broadly construed as dealing with whether an insured is entitled to payment in a particular case. A jurisdictional amount prerequisite was thought to exist only in cases where the *amount* of benefits one was entitled to was in issue. A common sense reading of the pre-1972 statute would support this interpretation. *See also* Bohlen v. Weinberger, 345 F.Supp. 124 (E.D.Pa. 1972); aff'd 483 F.2d 918 (3rd Cir. 1973); Sowell v. Richardson, 319 F. Supp. 689 (D.S.D.1970).

Congress, when it amended § 1395ff, eliminated the word "entitlement" and said that even where judicial review is sought by reason of subparagraph (C), none shall be available where the amount in controversy is less than $1,000.00. The purpose of the amendment was to clarify the original intent of the law that "entitlement" meant *eligibility* for benefits under the Medicare program. The term did not encompass decisions on a claim for payment for a given service. 118 Cong.Rec. 17048, 17049 (Oct. 5, 1972).

While the *Bohlen* case was concerned with the pre-1972 provisions, the appellate court in its decision did give some consideration to the effect of the amendment. In that decision the court said that Congress amended § 1395ff in such a way that persons exerting a claim for coverage would not be entitled to administrative review. Under the 1972 version of the statute, the appellate court felt that the word "entitlement" most likely related only to the right of an individual to *participate* in the Medicare program, and not the right of an enrollee to reimbursement. 483 F.2d at 922.

On this point, Senator Bennett, the sponsor of the amendment, stated:

"[T]he purpose of the amendment is to make sure existing law, [referring to the pre-1972 section] which gives the right of a person to go to court on the question of eligibility to receive welfare [Medicare included], is not interpreted to mean he can take the question of the federal claim to court . . . This is to reconfirm the original intention of the law that the courts can determine only eligibility. The situations in which Medicare decisions are appealable to the courts were intended in the original law to be greatly restricted in order to avoid overloading the courts with minor matters. The law refers to 'entitlement' as being an issue subject to court review and the word was intended to mean eligibility to any benefits of Medicare but not to decisions on the claim for payment for a given service." 118 Cong.Rec. S17048, 49 (daily ed. Oct. 5, 1972).

■■ Giving due weight to the foregoing comment, and after analysis of the statutory construction of the 1972 amendment, this Court feels it was Congress's intent to restrict judicial involvement in the kind of complaint we have before us. Judicial review unfettered by jurisdictional amount is available to a claimant only where the claim is in the overall right to participate in the Medicare program. Where it relates solely to payment for a service upon which coverage has been denied, the jurisdictional amount applies. The plaintiff, Elsie B. Hamilton, has not been denied the right to participate in the Medicare program. She was simply denied payment for a partial period of hospitalization.

Because the plaintiff's complaint indicates the amount in controversy to be $690.55, this Court, in view of the foregoing analysis, is without jurisdiction

under 42 U.S.C. § 1395ff to entertain a review.

This result being dispositive of the case, the question of timeliness need not be reached.

There existing no further federal statute upon which to base a claim, and finding there to be no diversity of citizenship between the plaintiff and Defendant Blue Cross of North Dakota, the Court is similarly without jurisdiction to entertain an independent claim against that defendant.

It is therefore ordered that the motion for dismissal is granted as to both defendants.