**Bessie L. LeCOMPTE, Plaintiff,**

v.

**AETNA INSURANCE—MEDICARE CLAIMS, Defendant.**

**Civ. No. 75-0051-D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

April 21, 1975.

———◆———

Bessie L. LeCompte, pro se.

O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff filed this action in the Small Claims Court of Oklahoma County, Oklahoma against Defendant Aetna Insurance Company seeking a judgment in

the amount of $126 for Medicare claims. The case was removed to this Court by the United States on the grounds that the United States is the real party in interest as Defendant. The United States has filed a Motion To Dismiss asserting three grounds for the dismissal of this case, (1) lack of personal service, (2) failure to exhaust administrative remedies and (3) sovereign immunity. Plaintiff has responded to the Motion of the United States by letter.

 42 U.S.C. § 1395u provides that the Secretary of Health, Education and Welfare may contract with private insurance carriers to administer the Medicare Act. In this capacity a private insurance carrier is an agent of the United States and the United States is the real party in interest in any suit based on the administration of Medicare Claims. *Peterson v. Richardson,* 370 F. Supp. 1259 (N.D.Texas 1973), 20 CFR 405.670. Plaintiff has not obtained service on the United States pursuant to Rule 4(d) Federal Rules of Civil Procedure. The United States does not waive this objection by removal. *Walker v. Savell,* 335 F.2d 536 (Fifth Cir. 1964).

42 U.S.C. § 1395ff(b)(1)(C) provides that any individual who is dissatisfied with any determination as to the amount of benefits he is entitled to under the Act is entitled to a hearing on his claim by the Secretary of Health, Education and Welfare according to the provisions of 42 U.S.C. § 405(b) and judicial review of that administrative hearing as is allowed by 42 U.S.C. § 405(g). However, 42 U.S.C. § 1395ff(b)(2) provides that no administrative hearing shall be available to an individual if the amount in controversy is less than $100.00 and no judicial review shall be available if the amount in controversy is less than $1,000.00. Plaintiff has not alleged that she has sought administrative review of her claims under 42 U.S.C. § 405(b). Moreover, as the amount of her claim is less than $1,000.00 this Court would lack jurisdiction to review Plaintiff's claim even if she had exhausted her administrative remedies. *Hamilton v. Blue Cross of North Dakota,* 375 F.Supp. 1049 (D.N. D.1974). Therefore, Defendant's Motion To Dismiss should be sustained.

It is so ordered this 21 day of April, 1975 and Plaintiff's action is hereby dismissed for lack of jurisdiction.