**Inez L. RUBIN, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 74–2004.**

United States Court of Appeals, Seventh Circuit.

Heard Sept. 19, 1975.

Decided Oct. 21, 1975.

Rehearing Denied Nov. 7, 1975.

Gerald M. Rubin, Chicago, Ill., for plaintiff-appellant.

Stanton J. Price, Patricia A. Butler, Los Angeles, Cal., for amicus curiae.

Samuel K. Skinner, U. S. Atty., Thomas K. McQueen, Asst. U. S. Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, PELL and BAUER, Circuit Judges.

PER CURIAM.

This appeal presents the question whether the district court had jurisdiction over a claim for Medicare benefits where the amount remaining in controversy is less than $1,000.

In April 1974, plaintiff filed her action under the Social Security Act seeking to recover hospital benefits for the period July 7, 1971, through July 17, 1971, in the amount of $722. Plaintiff had been hospitalized from June 11 until July 17 for the treatment of various ailments. The initial decision of the Secretary of Health, Education and Welfare on September 28, 1971, denied plaintiff $1,130.12 in hospital benefits for the period July 1, 1971, to July 17, 1971. On appeal, the Administrative Law Judge allowed six additional days of hospitalization benefits, amounting to $408; his decision became final when the Appeals Council of HEW denied further review on February 28, 1974.[1] The district court granted the Secretary's motion to dismiss for lack of jurisdiction. We affirm.

On October 30, 1972, Congress amended the pertinent provision of the Social Security Act to limit judicial review of the Secretary's "final decision" of the proper amount of disputed Medicare benefits to cases where the amounts in controversy exceed $1,000.[2] Having been enacted prior to the filing of the present lawsuit, this amendment controls. *Cort v. Ash*, 422 U.S. 66, 76–77, 95 S.Ct. 2080, 45 L.Ed.2d 26. Indeed Congress specifically provided that the amendment is to govern claims filed in district courts after October 1972. Pub.L. No. 92–603, § 299O(b), 86 Stat. 1329. Therefore, whether this statute bars review depends upon a determina-

---

1. The action of the Appeals Council is the final step in the administrative review of the denial of benefits (20 CFR § 404.951) and constitutes the final decision of the Secretary. See 20 CFR § 422.210.

2. Section 1869(b) of the Social Security Act provides as follows:

    "(b)(1) Any individual dissatisfied with any determination under subsection (a) as to—

    "(A) whether he meets the conditions of section 226 of this Act or section 103 of the Social Security Amendments of 1965, or

    "(B) whether he is eligible to enroll and has enrolled pursuant to the provisions of Part B of this title, or section 1818, or section 1819, or

    "(C) the amount of benefits under Part A (including a determination where such amount is determined to be zero)

    shall be entitled to a hearing thereon by the Secretary to the same extent as is provided

in section 205(b) and to judicial review of the Secretary's final decision after such hearing as is provided in section 205(g).

"(2) Notwithstanding the provisions of subparagraph (C) of paragraph (1) of this subsection, a hearing shall not be available to an individual by reason of such subparagraph (C) if the amount in controversy is less than $100; nor shall judicial review be available to an individual by reason of such subparagraph (C) if the amount in controversy is less than $1,000." (42 U.S.C. § 1395ff(b))

This amendment resolved certain difficulties of construction that prevailed under the previous language of Section 1869. See *Cardno v. Finch*, 311 F.Supp. 251 (E.D.La.1970); *Ridgely v. Secretary of H. E. W.*, 345 F.Supp. 983 (D.Md.1972), affirmed, 475 F.2d 1222 (4th Cir. 1973); *Bohlen v. Richardson*, 345 F.Supp. 124 (E.D.Pa.1972), affirmed, 483 F.2d 918 (3d Cir. 1973).

tion of the amount in controversy at the time of the suit.   Section 1869(b) of the Social Security Act provides that judicial review can be sought only from a final decision of the Secretary (n. 2 *supra*).  By regulation, the Secretary has provided that a decision shall be final after review by the Appeals Council.   20 CFR § 405.730.   This occurred on February 28, 1974, and at that time the amount in controversy was about $722.   The district court properly granted the Government's motion to dismiss.   *Hamilton v. Blue Cross of North Dakota*, 375 F.Supp. 1049 (D.N.D.1974);   *Wager v. Secretary of HEW*, CCH Medicare and Medicaid Guide ¶ 26,780.816 (S.D.N.Y.1973).

■ Plaintiff contends that the Administrative Law Judge's reduction of her original claim from $1,130.12 to $722 divested her right to judicial review granted by Congress.   The contention is without merit because the statutorily granted right to judicial review vested only after final decision by the Secretary.   See note 2 *supra*;   see also 42 U.S.C. § 405(g).[3]

■ It is well settled that federal district courts possess only the jurisdiction that Congress has conferred upon them.   *South Carolina v. Katzenbach*, 383 U.S. 301, 331, 86 S.Ct. 803, 15 L.Ed.2d 769;   *Glidden Co. v. Zdanok*, 370 U.S. 530, 551, 82 S.Ct. 1459, 8 L.Ed.2d 671;   cf.   *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522.

Plaintiff, however, contends that in this case the foreclosure of judicial review for claims such as hers violates the due process clause.   Congress excluded judicial review of the amount of benefit claims under $1,000 to avoid overburdening the courts (see 118 Cong.Rec. 17,048–17,049 (daily ed., Oct. 5, 1972));   because a rational justification exists for this limitation, it is constitutional.   See *United States v. Kras*, 409 U.S. 434, 446–447, 93 S.Ct. 631, 34 L.Ed.2d 626;   *Dandridge v. Williams*, 397 U.S. 471, 484–485, 90 S.Ct. 1153, 25 L.Ed.2d 491.

■ The brief of *amicus curiae* suggests that the district court had jurisdiction to hear this matter as a mandamus action under 28 U.S.C. § 1361 to require the Administrative Law Judge to state reasons for denying plaintiff's claim.   Since this ground was not advanced below, it comes too late for our consideration.   In any event, the Administrative Law Judge explained that plaintiff was only entitled to coverage through July 6, 1971, because thereafter she had recovered sufficiently to leave the hospital.   Under Section 1862(a)(9) of the Act (42 U.S.C. § 1395y(a)(9)), payments for custodial care are not covered.   Plaintiff has not shown a clear right to the relief requested nor a clear duty of the Secretary to pay the benefits sought, so that mandamus would be an inappropriate remedy.

Judgment affirmed.[4]

---

3. Were plaintiff contending that the Administrative Law Judge and the Appeals Council acted arbitrarily for the purpose of denying plaintiff judicial review, jurisdiction might be found on the basis of Section 10 of the Administrative Procedure Act (5 U.S.C. §§ 701–706; see *Sanders v. Weinberger*, 522 F.2d 1167 (7th Cir. 1975)) or under the Mandamus and Venue Act (28 U.S.C. § 1361).   See *Peoples v. United States Department of Agriculture*, 138 U.S. App.D.C. 291, 427 F.2d 561, 565 (1970);   Byse and Fiocca, *Section 1361 of the Mandamus and Venue Act of 1962 and "Non-Statutory" Judicial Review of Federal Administrative Actions*, 82 Harv.L.Rev. 308 (1967).

4. Implicitly plaintiff contends that the limitation of review to claims of more than $1,000 denied plaintiff equal protection of the laws.   Because we find that the Congressional classification is supported by a rational basis there is no violation of equal protection.   *Dandridge, supra*, 397 U.S. at 485, 90 S.Ct. 1153, 25 L.Ed.2d 491;   see also *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16.

Other grounds urged in favor of reversal do not merit discussion.