**Ira BARTH, M. D., Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, Defendant.**

Civ. A. No. 76–1992.

United States District Court,
D. South Carolina,
Florence Division.

April 12, 1977.

David Michael Ballenger, Florence, S.C., for plaintiff.

Wm. Reynolds Williams, Asst. U.S. Atty., Columbia, S.C., for defendant.

ORDER

CHAPMAN, District Judge.

Plaintiff filed this action in the Marion County Court of Common Pleas to enjoin Blue Cross and Blue Shield of South Carolina from recouping overpayments made to Dr. Barth under the Medicare program. The action was removed to this court since Blue Cross is the duly authorized agent of the United States, and the Secretary of Health, Education and Welfare (the Secretary) is the real party in interest. 42 U.S.C. § 1395u (1970); 20 C.F.R. § 405.670 (1976); *LeCompte v. Aetna Insurance—Medicare Claims*, 397 F.Supp. 415 (D.Okl.1975).

During 1974, plaintiff, a licensed physician, provided medical services to certain patients eligible to receive benefits under Medicare Part B, Supplementary Medical Insurance Benefits for the Aged and Disabled, 42 U.S.C. §§ 1395j–1395w (1970). These patients assigned to plaintiff their rights to file claims for benefits with the carrier, Blue Cross and Blue Shield of South Carolina. Plaintiff submitted requests for payment and, after an initial determination favorable to plaintiff, Blue Cross paid the approved claims. Subsequently, Blue Cross determined that certain overpayments may have been made to plaintiff and notified Marion Memorial Hospital and the Palmetto General Hospital that an onsite audit of the medical records of certain Medicare patients was desired. On February 13, 1976, Dr. Barth obtained an injunction from the Court of Common Pleas of Marion County prohibiting the auditors access to the hospital records. This Court dissolved the injunction on May 12, 1976, on the grounds that the Court of Common Pleas lacked jurisdiction over the action. *Barth v. Blue Cross-Blue Shield of South Carolina*, Civil Action 76–349 (D.S.C. May 12, 1976).

On June 20, 1976, plaintiff was notified that as a result of the audit being performed, certain services performed on named Medicare beneficiaries were being

questioned. Blue Cross questioned Dr. Barth's use of certain injectable drugs in lieu of oral medication, the unnecessary hospitalization of certain Medicare beneficiaries, and excessive hospital visits by Dr. Barth following consultation. There were also indications that certain hospital visits billed as visits by Dr. Barth were actually rendered by "Medex" (physician's assistant), and as such are not covered under Medicare. Plaintiff was given 15 days to submit additional justification for these services before the audit would be finalized. Dr. Barth's response included letters summarizing the patient's condition, a copy of the hospital contract regarding their arrangement for his physician's assistant's visits, and various types of literature on those injectable drugs in question. After a review of the additional material, it was determined that certain services performed by plaintiff were either not medically necessary or not covered by Medicare.

On September 17, 1976, plaintiff was notified by the carrier that as a result of an internal review of plaintiff's Medicare claims and field investigations at the Marion Memorial Hospital and the Palmetto General Hospital, it was determined that plaintiff was overpaid on these claims. Plaintiff was notified that the overpayment of $4,032.94 must be paid within 15 days or the carrier would recoup that amount from Medicare benefits which would normally be paid on future assigned claims. Plaintiff was also notified that he could within 15 days submit evidence as to why recoupment was not proper. The notice of September 17, 1976 also informed plaintiff of his right for administrative hearing on this determination. Any hearing, however, would not delay the recoupment action. Plaintiff did not submit any evidence as to why recoupment was not proper or seek a hearing.

On October 1, 1976, plaintiff obtained a preliminary injunction in the Court of Common Pleas of Marion County, enjoining defendant from recouping the overpayment. This action was removed to this court on October 21, 1976 and is now before the Court on the Secretary's motion to dismiss pursuant to Rule 12(b)(1), (2) & (6), Federal Rules of Civil Procedure.

The plaintiff contends that the recoupment constitutes an unjust taking of property without due process of law since he is denied a prerecoupment hearing and since some of the defendant's employees participated in the initial determination of overpayment. The Secretary asserts that jurisdiction is absent because there has been no service on the real party in interest, the Secretary, the doctrine of sovereign immunity bars the action, judicial review is precluded, and the matter is now moot. Alternatively, he contends that assuming there is jurisdiction, plaintiff fails to state a claim for which relief can be granted since plaintiff is not entitled to a prerecoupment hearing and since review of his claim by Blue Cross was proper.

Since mootness is a jurisdictional issue, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), and since the plaintiff was accorded a prerecoupment hearing on January 14, 1977, before an impartial administrative hearing officer, it is doubtful that there exists the requisite "case or controversy" for this Court's jurisdiction. *Liner v. Jafco, Inc.*, 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964). However, even assuming that this Court has jurisdiction of this action, plaintiff has failed to state a claim upon which relief can be granted. Plaintiff contends that procedural due process requires that he be afforded an administrative hearing prior to the recouping of erroneously paid Medicare funds from his current Medicare payments. In addition, he contends that the presence of Blue Cross members on the administrative hearing board denies him a hearing before an impartial decision maker.

■ The withholding of amounts due a provider under the Medicare program as a method of recouping alleged Medicare overpayments is a proper procedure available to the Secretary. *Wilson Clinic and Hospital, Inc. v. Blue Cross of South Carolina*, 494 F.2d 50, 52 (4th Cir. 1974); *Russi v. Weinberger*, 373 F.Supp. 1349, 1352 (E.D.Va. 1974). Due process does not require that a

prerecoupment hearing be afforded the plaintiff so long as prior notice of recoupment is given and a post action hearing is available to the plaintiff. *Wilson Clinic and Hospital, Inc. v. Blue Cross of South Carolina, supra* ; *Russi v. Weinberger, supra.* Plaintiff's reliance upon *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) is misplaced. In *Goldberg,* the Supreme Court held that an evidentiary hearing must be given to state welfare recipients *before* the termination of their welfare benefits. However, the Court noted that

> The crucial factor in this context—a factor not present in the case of the blacklisted government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended—is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate.

*Goldberg v. Kelly, supra* at 264, 90 S.Ct. at 1018. In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), a recent analogous case dealing with the termination of Social Security disability benefits, the Supreme Court held that procedural due process did not require an evidentiary hearing prior to the termination of those benefits. The Court noted that a factor to be considered in assessing the administrative decision making process is "the degree of potential deprivation that may be created by a particular decision . . . ." *Mathews v. Eldridge, supra* at 341, 96 S.Ct. at 906. Here the potential deprivation to which the plaintiff may be subjected is the suspension of Medicare payments pending an administrative hearing and resolution. Contrasted to the termination of aid to a welfare recipient present in *Goldberg,* is the temporary suspension of Part B Medicare Payments to a physician pending an administrative hearing. This is more analogous to the blacklisted government contractor excluded from the preaction hearing requirement in *Goldberg* than it is to the

welfare recipient. This conclusion is fortified by the fact that the Medicare program does not require that providers of services, such as the plaintiff, accept the assignment of claims from beneficiaries. Plaintiff's entrance to this program was voluntary. Furthermore, the plaintiff participated in an administrative hearing concerning the disputed overpayment on January 14, 1977, and a decision was rendered on February 25, 1977.

█ Nor was plaintiff denied due process of law by the participation of defendant's employees in the initial determination of overpayment. There is no unfairness inherent in the participation of defendant's employees in the initial determination of overpayment. *Hortonville Joint School District No. 1 v. Hortonville Education Association,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976). These Blue Cross employees are only making an initial determination upon audit of an overpayment as authorized by 42 U.S.C. § 1395u and 20 C.F.R. § 405.677. They were not reviewing a prior determination but auditing these claims for the first time. Since that initial determination was made, plaintiff has participated in administrative hearings conducted by the South Carolina Peer Review Committee and by an independent hearing officer. Due process does not require more. *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8th Cir. 1976); *Davis v. Health, Education and Welfare,* 416 F.Supp. 448 (S.D.N.Y. 1976); *Woodland Nursing Home Corporation v. Weinberger,* 411 F.Supp. 501 (S.D.N.Y.1976).

Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure is granted.

AND IT IS SO ORDERED.