Fannie GREENSPAN, Plaintiff,

v.

## BLUE CROSS BLUE SHIELD OF GREATER NEW YORK, Defendant.

### No. 77 C 995.

United States District Court,
E. D. New York.

June 21, 1977.

Fannie Greenspan, pro se.

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendant; Joan M. Dolan, Asst. U. S. Atty., of counsel.

Memorandum of Decision and Order

MISHLER, Chief Judge.

This action originated in the Small Claims Part of the Civil Court of the City of New York. Plaintiff filed suit against Blue Cross in its capacity as fiscal agent of the Department of Health, Education, and Welfare. Under a contractual arrangement with the Secretary of Health, Education, and Welfare, the defendant health insurance carrier is charged with the responsibility of administering the benefit provisions of the supplementary insurance part of the medicare program, see 42 U.S.C. § 1395u. Plaintiff's claim for unpaid benefits was removed to this court pursuant to 28 U.S.C. § 1442(a)(1).[1]

1. 20 C.F.R. § 405.670 provides in pertinent part:

[i]n the performance of their contractual undertakings, the carriers act on behalf of the Secretary, carrying on for him the administrative responsibilities imposed by the law. The Secretary, however, is the real party in interest in the administration of the program.

The complaint, which requests judgment in the sum of $280, states only that defendant ". . . fail[ed] to honor claims filed in 75–76." It remains unclear as to whether plaintiff is seeking to recover under Part A of the plan—for hospital expenses—or under Part B—for the cost of supplementary care.[2] In either case, we are of the opinion that the right to judicial review does not attach, at least at this point.

▬▬▬ Section 1869 of the Social Security Act, 42 U.S.C. § 1395ff, limits the right of judicial review to questions concerning (a) one's eligibility to participate in either Part A or B of the program; and (b) the amount one is entitled to recover under Part A where the claim is for more than $1,000, *Hamilton v. Blue Cross of North Dakota,* 375 F.Supp. 1049, 1050–51 (D.N.D.1974), *see also Ridgely v. Secretary of Health, Education, and Welfare,* 475 F.2d 1222, 1223–24 (4th Cir. 1973); 118 Cong.Rec. S 17048, 49 (Oct. 5, 1972). Controversies concerning the amount recoverable under Part B, the supplemental plan, are not subject to judicial scrutiny regardless of the amount in controversy.[3] *Kuenstler v. Occidental Life Insurance Co.,* 292 F.Supp. 532 (C.D.Cal.1968). Congress, by strictly delimiting court access, sought to avoid overcrowding dockets especially with claims tending to be smallest, *i. e.,* those for supplemental care. *See* 1965 U.S.Code Cong. & Admin.News, pp. 1943, 1995; 118 Cong.Rec. S 17048, 49.

▬▬ If we are to assume, therefore, that Greenspan is seeking to vindicate her right to recover medical expenses allegedly incurred, this court is without the power of review whether her claim is made under Part A or Part B of the plan. For if under Part A, the requisite jurisdictional amount is lacking, *see Rubin v. Weinberger,* 524 F.2d 497 (7th Cir. 1975); *LeCompte v. Aetna Insurance Medicare Claims,* 397 F.Supp. 415 (W.D.Okl.1975); if under Part B, the claim is simply not subject to judicial scrutiny.

If, on the other hand, plaintiff's challenge goes to her eligibility to participate in the medicare program, a different set of considerations comes into play. The $1,000 jurisdictional amount is no longer an impediment to suit. Nor is the character of the underlying claim of any import. There is a right to judicial review if administrative remedies have been exhausted. *See Bumb v. Hospital Service of Southern California,* 440 F.2d 1077, 1078 (9th Cir. 1971); *LeCompte v. Aetna Insurance Medicare Claims, supra* at 416. The scheme expressly provides for an administrative hearing where eligibility is at issue, *see* 42 U.S.C. § 1395ff, 20 C.F.R. § 422.201. Sufficient facts must be pled to indicate that this avenue has been followed.

Unfortunately, plaintiff's skimpy pleadings fail to define the issue before the court. We are mindful, however, that Greenspan initially filed this action in the Small Claims Part of Civil Court and now finds herself bound by more formalistic pleading rules because of the matter's removal. In order that she be given the opportunity to call upon this court's power to review her claim she should be permitted to replead. Accordingly, the action is dismissed with leave to replead within twenty (20) days from date hereof, and it is

SO ORDERED.

---

**2.** Defendant intimates that the claim is for chiropractic treatments.

**3.** The statutory scheme and supporting regulations do, however, provide for an administrative hearing and appeal where there is a question concerning the amount a participant is entitled to recover where the claim, whether it be under Part A or B of the program, is for more than $100. *See* 42 U.S.C. § 1395ff(b)(1)(C); 42 U.S.C. § 1395u(b)(3)(C); 20 C.F.R. § 405.820; 20 C.F.R. 422.203.